UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JERMAINE AARON, | ) | CASE NO. 5:09 CV 004 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 5, 2009, Plaintiff David Jermaine Aaron ("Aaron"), *pro se*, filed this action against the United States, the State of Ohio, the Akron Police Department, and Summit County. He also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I. FACTUAL AND PROCEDURAL HISTORY

Aaron's complaint contains few facts.  He states:

\* \* \*

United States citizen David Jermaine Aaron Citizen of Ohio, resident of Summit County addressed at 175 E. Market St. Citizen of Akron, Ohio 44309. Whom encountered harassment and intaragated [sic] with [unintelligible] abuse by employees employed by the government of the United States and State of Ohio, City of Akron and County of Summit County. I plaintiff has been sickened with the knowledge of being [unintelligible] and interagated [sic] with mythological abuse also handed down to citizens. This abuse has [unintelligible] unjustified incarseration [sic] with being falsely accused by kidnapping me (plaintiff) and thrown in jail and locked away for a period of time whom [sic] I may not know the time period I have become agitated, nervous and uncomfortable. By these punitive damages I ask for betterment for plaintiff with defense of being sheltered in my own home with money to afford protection. I know [sic] reside in a shelter home and continue to receive neglect and verbal abuse. Accordingly [sic] to court jurisdiction plaintiff filed this case to show cause of

> negligance [sic] toward plaintiff on November 20, 2008 - Dec 30, 2008. Plaintiff seeks damages such as 85% of government, city, state and department gross/budget also. Plaintiff states the behavior is null and void with interpretivism, and unrestrictive interpretation. Demand of plaintiff for this personal tort of gross negligence and malicious conduct threw [sic] this political machine authorized conspiracy threw [sic] trusted government officers ask for compromised judgment and relief for betterment of plaintiff.

Aaron seeks compensatory and punitive damages in an amount greater than $ 25,000.00.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)(2)(B) if it is frivolous or fails to state a claim upon which relief can be granted.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Court has little difficulty concluding that this case is a textbook definition of a frivolous action. Aaron requests damages in the amount of 85 percent of the "government, city, state and department gross/budget." Given that the United States is named as a Defendant, Aaron is requesting approximately $2.47 trillion in damages from the United States alone.[2] Further, Aaron has not alleged facts justifying such an exceptional damage award. There is little doubt that Aaron's outrageous request is sufficient to dismiss his action as frivolous. *Compare Craven v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] The estimated 2008 budget outlays totaled $2.902 trillion; 85 percent of this amount is approximately $2.47 trillion.

*Florida*, 2008 WL 1994976 (M.D. Fla. May 8, 2008) (dismissing action as frivolous for claiming $1.7 trillion in damages without alleging facts sufficient to support such an enormous claim).

Additionally, Aaron does not offer sufficient allegations to state a claim against the defendants. Aaron never pleads "a single clearly cognizable injury, or the time or place such injury may have occurred." *Sego v. Arizona*, 2007 WL 3124473, at *1 (D. Ariz. Oct. 25, 2007). Aaron instead offers a vague, largely unintelligible narrative without clearly indicating his injury or giving any indication who or what is responsible for it. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require [. . .] [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, [. . .] [and] would [. . .] transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Therefore, the Court finds that Aaron has failed to alleged sufficient facts to create a viable claim for relief.

Finally, while Aaron makes reference to negligence and malice, he never actually identifies a particular legal theory in his complaint. This places an unfair burden on the Defendants to speculate on the potential claims that Aaron may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v.*

*Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a claim upon which Aaron intends to seek relief.

## III. CONCLUSION

For the foregoing reasons, Aaron's Application to Proceed *In Forma Pauperis* is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: March 18, 2009

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.